IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

TRACY HINDS,

    Plaintiff,

vs.                    CASE NO.: 8:07-CV-1081-ORL-28-UAM

ROBERT J. OROVITZ, P.A.;
ROBERT J. OROVITZ; JASON
DRAGUTSKY; and ERIK KARDATZKE,

    Defendants.
_____/

### MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Plaintiff Tracy Hinds hereby files this Memorandum in Opposition to Motion for Sanctions filed herein by defendants Robert J. Orovitz, P.A.; Robert J. Orovitz; Jason Dragutsky; and Erik Kardatzke (collectively "the defendants") pursuant to Fed.R.Civ.P. 11, and states that the motion for sanctions should be denied outright because it reveals no legitimate basis for assessing such sanctions as pled. Rather, the motion for sanctions appears to be a pleading ploy designed to utilize Fed.R.Civ.P. 11 as a weapon to attempt to intimidate and harass, intending to discourage the bringing of consumer protection actions against these defendants in the future.

Such a ploy is a misuse of Rule 11, and bringing such a motion under the Rule is itself sanctionable. Fed.R.Civ.P. 11(c)(1)(A) ("If warranted, the court may award to the party prevailing on the motion to reasonable expenses and attorney's

fees incurred in...opposing the motion.") For the Court to award fees against the movant under Rule 11, no cross-motion is necessary. Fed.R.Civ.P. 11, <u>Advisory Committee Notes to 1993 Amendments</u>, Subdivisions (b) and (c).

**MEMORANDUM OF LAW**

**I. BACKGROUND**

Plaintiff adopts and incorporates herein the background information contained in her memorandum in opposition to defendants' motion for fees under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927, filed on the same day as this memorandum.

The defendants have filed a motion for Rule 11 sanctions premised upon the argument that "the complaint filed...should be deemed and considered frivolous, unreasonable, vexatious, and brought in bad faith and solely for the purpose of harassment." (Dkt. 58.) The motion specifically relies upon the same arguments as are made in the defendants' motion for award of fees under 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. This Rule 11 motion was filed with the Court electronically on May 30, 2008, and does not comply with Fed.R.Civ.P. 11(c)(1)(A).

**II. STANDARD FOR IMPOSING RULE 11 SANCTIONS**

"Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses,'" <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)

(quoting <u>Pin v. Texaco, Inc.</u>, 793 F.2d 1448, 1455 (5th Cir.1986)).

The Eleventh Circuit has enunciated the standard under which Rule 11 sanctions may be imposed, as follows: "[T]hree types of conduct warrant the imposition of Rule 11 sanctions: (1) When a party files a pleading that has no reasonable factual basis; (2) When the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) When the party files a pleading in bad faith for an improper purpose." [Citations omitted] <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1514 (11th Cir. 1991).

"Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief, however, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." <u>Baker v. Alderman</u>, 158 F.3d 516 (11th Cir. 1998).

In order to assess Rule 11 sanctions, "this Court would have to find that Plaintiff(s) allegations are false, that he

knew that his legal argument would obviously fail, or that he pled his actions with apparent bad faith." Gelles v. Skrotsky, 15 F.Supp.2d 1293 (M.D. Fla. 1998). In addition, the Court "reserves such sanctions for deliberate, frivolous, and wanton causes of action---not merely actions dismissed upon motion." Id. at 1297.

"The objective standard for assessing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what [it] was reasonable to believe at the time" the pleading was submitted. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak'. Id." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir., 2002).

### III: ARGUMENT

**A. THE MOTION FOR SANCTIONS SHOULD BE DENIED AS BEING WITHOUT BASIS.**

As noted above, the 11th Circuit has ruled that sanctions may be imposed only in three circumstances, i.e. where pleadings have (1) "no reasonable factual basis," or (2) are "based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law," or (3) "filing a pleading in bad faith for an improper purpose." Pelletier, 921 F.2d at 1465.

None of those facts exist in the instant case. Nor is there any controlling legal precedent on the issue presented in the 11th Circuit.

In fact, reference to the Court's Order of April 29, 2008 dismissing the action is instructive: In the Order this Court cited six cases as foundation for its dismissal of the action based upon statute of limitation grounds, and referenced a single 11th Circuit case not directly on point. Four of the six cases were decided after this action was filed. If the Rule 11 motion by the defendants is itself filed in good faith, and with reasonable grounds, it would be logical to assume similar motions would be filed in each of the Court's four cases cited which were decided after this case was brought. However, as noted in the memorandum filed by plaintiff of even date herewith, no such motions were filed in three out of the four, and the single motion for fees that was filed was denied.

In sum, the issue in this case was whether refusal to listen to a consumer with regard to being sued on a time-barred, bogus debt was a "continuing violation" until resolved in the state court action. The authorities cited by the Court in its order dismissing the case indicate that the issue was one in considerable disputed ferment when this action was filed. That being the case, it is difficult to discern how the filing of such an action, and asserting such a position on

behalf of a client, was a situation where "Plaintiff(s) allegations are false...[she] knew that [her] legal argument would obviously fail, or that [she] pled [her] actions with apparent bad faith." Gelles v. Skrotsky, 15 F.Supp.2d 1293 (M.D. Fla. 1998).

On the contrary, the plaintiff would request that the Court consider imposing counter-sanctions on the defendants in this action, for the reasons that follow.

**B. SANCTIONS SHOULD BE AWARDED AGAINST THE MOVANTS.**

Fed.R.Civ.P. 11(c)(1)(A) provides that, "if warranted, the Court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." The Advisory Committee notes from the 1993 amendments provide inter alia that "service of a cross motion under Rule 11 should rarely be needed since under the revision the Court may award to the person who prevails on a motion under Rule 11---whether the movant or the target of the motion---reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."

The motion for sanctions in this instance appears to be based upon the notion that "the best defense is a good offense." To misuse Rule 11 in this way is tempting for some parties, but it wastes this Court's valuable time and resources. Where Rule 11 motions are used to "abuse official processes with baseless filings in order to harass," the

movant may be sanctioned. <u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d at 1298.

It must also be noted that defendant Robert J. Orovitz, P.A., doing business as "Hayt, Hayt & Landau" is an unrepentant serial violator of both the FDCPA and the FCCPA, and is regularly sued under both statutes. Similarly, the other defendants in this action, including Jason Dragutsky ("Dragutsky"), Erik Kardatzke ("Kardatzke") and Robert J. Orovitz himself ("Orovitz") are either current or past defendants in consumer protection actions.

Only a short, cursory search for consumer protection suits against the defendants finds the following (and the plaintiff requests that the Court take judicial notice of each public record Exhibit provided); upon information and belief, more would be revealed upon further search or discovery:

A. Robert J. Orovitz, P.A., Orovitz, and "unknown partners of Hayt, Hayt & Landau" were sued in 2000 in the case of of <u>Delva v. Orovitz, etc. et al.</u> under both the FDCPA and the FCCPA (a copy of the case summary and complaint being attached as Composite Exhibit "A").

B. Robert J. Orovitz, P.A. was sued in the Southern District of Florida in 2005 in the case of <u>Valdes v. Robert J. Orovitz, P.A., etc. et al.</u> for violations of the FDCPA and FCCPA (a copy of the case summary and complaint being attached as Composite Exhibit "B").

   C. Robert J. Orovitz, P.A. was sued in 2007 in the case of  of <u>Drossin v. Robert J. Orovitz, P.A.</u> under the FDCPA (a copy of the case summary and complaint being attached as Composite Exhibit "C"). the P.A.

   D. Robert J. Orovitz, P.A. was sued in 2007 in the case of  of <u>Pescartrice v. Robert J. Orovitz, P.A. and Jason Dragutsky</u> under both the FDCPA and the FCCPA (a copy of the case summary and complaint being attached as Composite Exhibit "D").

   E. Robert J. Orovitz, P.A., Orovitz, Dragutsky, and Kardatzke were sued in 2007 in the case of  of <u>Redondo v. Orovitz, etc. et al.</u> under the FDCPA (a copy of the case summary and complaint being attached as Composite Exhibit "E").

   F. Robert J. Orovitz, P.A. and Orovitz are being sued in 2008 in the case of  of <u>Gordon v. Robert J. Orovitz, P.A., et al.</u> under both the FDCPA and the FCCPA (a copy of the case summary and complaint being attached as Composite Exhibit "F").

Normally the fact that the defendants herein are serial violators of federal and state consumer protection actions would be of little import in deciding whether to issue Rule 11 sanctions against an unsuccessful plaintiff. However, these facts become important when the important Congressional policies and the foundation of the FDCPA and other consumer

protection statutes are taken into consideration. The text of the FDCPA itself includes the following words of Congress: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). "It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Consumer protection statutes such as the FDCPA are "remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." <u>Ellis v. General Motors Acceptance Corporation</u>, 160 F.3d 703 (11th Cir. 1998). "[B]y providing for statutory damages and attorneys fees for successful plaintiffs, the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations....In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the

deterrent effect of civil actions brought by others." <u>Jacobson v. Healthcare Financial Services, Inc.</u>, 2008 WL 383060 **15-16 (2d Cir. 2/14/08).

"Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important *** rights that cannot be valued solely in monetary terms', City of Riverside v. Rivera, 477 U.S. 561...(1986), and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." <u>Graziano v. Harrison</u>, 950 F.2d 107, 113 (3rd Cir. 1991).

The use of groundless Rule 11 motions for sanctions serve to discourage consumers from being remedial actions under the FDCPA and FCCPA. That is why this motion has been filed. If serial violators of consumer protection statutes are allowed to utilize Rule 11 to harass and abuse wronged consumers---which is undeniably the case here---by filing such motions for sanctions, then the very foundations and purposes of consumer protection statutes will be undermined and traduced. This should not be allowed to occur. The use of Rule 11 motions as mere "weapons of counterattack" must be discouraged.

Plaintiff maintains that one such instance of such abuse and misuse by undisputed wrongdoers under the FDCPA is currently before this Court.

### **IV. CONCLUSION**

For the above reasons as stated in this Memorandum of

Law, the motion for sanctions pursuant to Rule 11 should be denied. Further, the movants should be sanctioned for filing the motion in bad faith, for improper purposes, to harass the plaintiff, and to cause unnecessary delay or needless increase in the cost of this litigation.

                                       Respectfully submitted,

                                       s/ Timothy Condon

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

                                       s/ Timothy Condon
                                       TIMOTHY CONDON, ESQ. FBN 217921
                                       VOLLRATH-CONDON, P.A.
                                       P.O. Box 1007, Tampa, FL 33601
                                       813-251-2626  Fax 813-254-2979
                                       Email: tim@timcondon.net
                                       COUNSEL FOR PLAINTIFF