# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TRACY A. HINDS,

                Plaintiff,

-vs-                                                  Case No. 6:07-cv-1081-Orl-28GJK

CREDIGY RECEIVABLES, INC.,
CREDIBY SERVICES CORP., ROBERT J.
OROVITZ, P.A., ROBERT J. OROVITZ,
JASON DRAGUTSKY and ERIK
KARDATZKE,

                Defendants.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS, ROBERT J. OROVITZ, P.A., ROBERT J. OROVITZ, JASON DRAGUTSKY AND ERIK KARDATZKE'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AGAINST PLAINTIFF, TRACY A. HINDS PURSUANT TO 15 U.S.C. § 1692(a)(3) AND/OR AGAINST VOLLRATH-CONDON, P.A. AND TIMOTHY CONDON, ESQUIRE PURSUANT TO 28 U.S.C. § 1927 (Doc. No. 57)** |
| **FILED:** | May 30, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

> **MOTION:** DEFENDANTS, ROBERT J. OROVITZ, P.A., ROBERT J. OROVITZ, JASON DRAGUTSKY AND ERIK KARDATZKE'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AGAINST PLAINTIFF, TRACY A. HINDS PURSUANT TO FED. R. CIV. P. 11 (Doc. No. 58)
>
> **FILED:** May 30, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On June 25, 2007, Plaintiff Tracy Hinds ("Hinds" or the "Plaintiff") filed the present action against Defendants Credigy Receivables, Inc., Credigy Services Corp., Robert J. Orovitz, P.A. ("Orovitz, P.A."), Robert J. Orovitz ("Orovitz") and Erik Kardatzke ("Kardatzki") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). Doc. No. 1. The Defendants filed motions to dismiss alleging, among other things, that Plaintiff's Complaint was time-barred by the one-year statute of limitations. Doc. Nos. 10, 12, 27. On January 4, 2008, Plaintiff filed an Amended Complaint (the "Amended Complaint") adding Jason Dragutsky ("Dragutsky") as a defendant and excluding Credigy Services Corp. as a defendant. Doc. No. 30. On April 3, 2008, Credigy Receivables, Inc. was dismissed as a defendant. The remaining defendants will be collectively referred to as the "Defendants".

Plaintiff's Amended Complaint alleges the following facts:

- On May 24, 2006, defendants Orovitz, P.A. and Dragutsky filed an action on behalf of Credigy Receivables, Inc. against Hinds in County Court seeking to collect on alleged Discovery card debt (the "County Court Action");

- On June 20, 2006, Hinds put all defendants on notice that the debt was "non-

existent, and time-barred";

- The following entities participated in bringing, maintaining and prosecuting the County Court Action through trial:
  - Credigy Receivables, Inc., Dragutsky, Kardatzke, Orovitz and Orovitz, P.A.; and
- A directed verdict was entered in favor of Hinds.

Doc. No. 30 at ¶¶ 13-16. Plaintiff filed her Amended Complaint asserting a claim for violations of the FDCPA. *Id.* at 7. On January 14, 2008, Dragutsky, Ororitz and Ororitz, P.A., filed motions to dismiss. Doc. Nos. 35, 37. The Defendants argue that the one-year statute of limitations began to run on May 24, 2006, the date they filed the County Court Action and, therefore, Plaintiff's present action is time-barred. *Id.* In response, Plaintiff argued that due to continued violations of the FDCPA by pursuing the County Court action through trial, the statute of limitations began to run within the one year period prior to initiating the present action. *See, e.g.*, Doc. No. 40 at 7-10.

On April 8, 2008, prior to a ruling on the pending motions to dismiss, all parties filed motions for summary judgment. Doc. Nos. 46-49. On April 29, 2008, the Honorable John Antoon, II, entered an Order granting Dragutsky's Motion to Dismiss, granting Orovitz and Orovitz, P.A.'s Motion to Dismiss to the extent it rested on statute of limitations grounds, and granting Kardatzke's Motion for Summary Judgment construed as a motion to dismiss to the extent it rested on statute of limitations grounds. Doc. No. 55. Plaintiff's Amended Complaint was dismissed without prejudice, and Plaintiff was directed to file a Second Amended Complaint if she could allege a violation within the statute of limitations period or raise considerations

sufficient to invoke equitable tolling. *Id.* Plaintiff did not file a Second Amended Complaint.

  A.  **Sanctions Motions**

  On May 30, 2008, Defendants filed a motion for attorney's fees against the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and/or against Plaintiff's counsel Timothy Condon, Esq. and Vollrath-Condon, P.A. pursuant to 28 U.S.C. § 1927 (herein, the "AF Motion"). Doc. No. 57. Defendants also filed a separate motion for attorney's fees pursuant to Fed. R. Civ. P. 11 (herein, the "Rule 11 Motion"). Doc. No. 58. The motions will be referred to collectively as the "Sanction Motions".

  In the AF Motion, Defendants argue that they are entitled to attorney's fees pursuant to Section 1692k(a)(3) because "Plaintiff new or should have known her claims were time-barred prior to the filing of the lawsuit and throughout the litigation, yet continued to pursue her claims through summary judgment." Doc. No. 57 at 3. Defendants state that Plaintiff's counsel has previously had a lawsuit alleging violations of the FDCPA dismissed by the Middle District as time-barred. *Id.* at 57; *Leblanc v. Advanced Credit Corp.*, 2007 WL 141173 (M.D. Fla. 2007). Defendants maintain that Plaintiff's action is frivolous, unreasonable, vexatious and was brought in bad faith for purposes of harassment. *Id.* at 4.

  Defendants contemporaneously filed a Rule 11 Motion against Plaintiff and Plaintiff's counsel. Doc. No. 58. Defendants state that the procedural posture of the case prevented Defendants from serving and filing a Rule 11 motion as set forth in the Federal Rules of Civil Procedure. *Id.* at 2. Thus, Defendants request the Court to issue an order to show cause against Plaintiff to consider awarding sanctions on its own initiative pursuant to Rule 11(c)(3). *Id.* at 2.

### B. Responses to Sanctions Motions

On June 13, 2008, Plaintiff filed separate responses to the Sanction Motions (collectively, the "Response(s)"). Doc. Nos. 61, 62. Plaintiff maintains her conduct does not constitute bad faith as there was no willful abuse of the judicial process. Doc No. 61 at 6. Plaintiff also argues that parties, in general, should not be deterred from making novel legal arguments. *Id.* Plaintiff cites to a Middle District case wherein a motion for attorney's fees was denied under similar circumstances. *See Cooper v. F.A. Management Solutions, Inc.*, 2007 WL 4326800 (M.D. Fla. Dec. 7, 2007).[1]

## II. LAW

### A. Fair Debt Collection Practices Act, 15 U.S.C. § 1692

Section 1692k(a)(3) permits an award of reasonable attorney's fees and costs to a prevailing defendant if the Court finds plaintiff's action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). A defendant must meet the statutory standard of proving bad faith and harassment. *See Spira v. Ashwood Financial, Inc.*, 358 F. Supp.2d 150, 161 (E.D.N.Y. 2005).

### B. 28 U.S.C. § 1927

Section 1927 of 28 U.S.C. provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

---

[1] However, the Court Order denying the motion for attorney's fees was actually entered on May 15, 2008, and Judge Whittemore's reasoning acknowledged that plaintiff Cooper, acting *pro se*, was a recent law school graduate and not a "seasoned" attorney. *See* Case No. 8:06-cv-00751-JDW-MAP, Doc. No. 4.

28 U.S.C. § 1927. The word "vexatious" is not defined in the statute. In such circumstances, courts typically read statutory terms to convey their ordinary meaning. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Servs.*, 532 U.S. 598 (2001) (relying on definition of "prevailing party" in Black's Law Dictionary).

Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying." Black's Law Dictionary 1559 (7th ed. 1999). It further defines "vexatious suit" to mean a "lawsuit instituted maliciously and without good cause." *Id.* Standard English-language dictionaries give the term similar meaning. *See, e.g.*, Webster's Third New International Dictionary 2548 (3d ed. 1961) (defining "vexatious" to mean "lacking justification and intended to harass"); 19 Oxford English Dictionary 596 (2d ed. 1989) (defining "vexatious" for legal purposes as follows: "Instituted without sufficient grounds for the purpose of causing trouble or annoyance to the defendant").

There is little case law in the United States Court of Appeals for the Eleventh Circuit articulating the standard applicable to an award of attorneys' fees under Section 1927. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997). Moreover, decisions from other circuits are not in agreement on the governing principles. Some circuits have held that subjective bad faith is required for an award under Section 1927. *S. Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991). Other circuits have held that it is not. *See Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

While the Eleventh Circuit has not specifically required a finding of subjective bad faith, it has stated that Section 1927 allows district courts to assess attorneys' fees against counsel and

law firms who willfully abuse the judicial process by "conduct *tantamount* to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (emphasis added); *Roadway Express Inc. v. Piper*, 447 U.S. 752 (1980). Additionally, the Eleventh Circuit has agreed with the Ninth Circuit that: "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (*quoting Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). The Eleventh Circuit has also warned: "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan*, 932 F.2d at 1582.

The purpose of Section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992). Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants. . . . It is concerned only with limiting the abuse of court processes." *Roadway Express*, 447 U.S. at 762.

### C. The Bad Faith Standard

As previously discussed, courts in the Eleventh Circuit apply a standard for vexatious litigation that is tied to the standard for "bad faith" — *i.e.*, the willful abuse of the judicial process by conduct tantamount to bad faith. Therefore, the law establishing the "bad faith" standard should provide insight.

The American Rule prohibits fee shifting as a general rule. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975). As an exception to the American Rule,

however, the district court may award attorneys' fees when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *Alyeska Pipeline*, 421 U.S. at 258-59; *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002). A federal court may exercise its *inherent power* to sanction bad faith misconduct even if that conduct could be sanctioned under a statute or procedural rule. *See Chambers*, 501 U.S. at 49-51. However, when bad faith conduct in the course of litigation could be adequately sanctioned under the rules, the court ordinarily should rely on the rules and not on its inherent power. *Id.*

The bad faith exception to the American Rule is not limited to conduct at the moment of filing, but also incorporates bad faith acts preceding and during litigation. *See* 775 F.2d at 1543. A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *Barnes*, 158 F.3d at 1214. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. *Barnes*, 158 F.3d at 1214. In assessing whether an award is proper under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *See Rothenberg v. Security Management Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984).

The invocation of the court's inherent power to sanction requires a finding of bad faith after the party is afforded a due process opportunity to be heard. *See Chambers,* 501 U.S. at 49; *In re Mroz*, 65 F.3d 1567, 1575 - 76 (11th Cir. 1995). Inherent powers must be exercised with

8

restraint and discretion. *Barnes*, 158 F.3d at 1214. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 44 - 45; *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377-78 (Fed. Cir. 1994) (recognizing that under certain circumstances a court can award expert witness fees as a sanction pursuant to its inherent power).

### D. Rule 11

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (2008). Rule 11 provides further that if a motion for sanctions is warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. Fed. R. Civ. P. 11(c)(2). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

9

In deciding the propriety of Rule 11 sanctions, a Court first determines whether the party's claims are objectively frivolous and then, if so, whether the signatory to the pleading should have been aware that they were frivolous — whether he would have been aware of the frivolousness if he had made a reasonable inquiry. *Worldwide Primates*, 87 F.3d at 1254; *Jones*, 49 F.3d at 695. Relevant factors into the reasonableness of the inquiry include:

- how much time was available for investigation;
- whether reliance upon representations of the client was necessary;
- whether the paper was based upon a plausible view of the law; and
- the extent to which factual development requires discovery.

*Jones*, 49 F.3d at 695. Because Rule 11 is only violated if the paper is "signed in violation of this rule," the Court's inquiry focuses only on the merits of the pleading from facts known or available to the attorney at the time of filing. *Jones*, 49 F.3d at 694 - 5 (*citing Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507, 1508 (11th Cir. 1993)). As to statutes of limitations problems, a number of courts have issued Rule 11 sanctions. *See, e.g., Cargile v. Viacom Inter., Inc.*, 282 F.Supp.2d 1316 (N.D. Fla. 2003); *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080 (3rd Cir. 1988); *Fred A. Smith Lumbar Co. v. Edison*, 845 F.2d 750 (7th Cir. 1988); *Alford v. Sullivan*, 751 F. Supp. 1232 (E.D. Tex. 1990).

### III.   ANALYSIS

An action brought pursuant to the FDCPA must be brought within one year of the date on which the alleged violation occurred. 15 U.S.C. § 1692k(d). Because Plaintiff's Amended Complaint is based on the filing of the County Court Action, the date that action was commenced is the date the statute of limitations began to run. *See Zenon v. Palisades Collection,*

*LLC*, No. 8:07-cv-21198-T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008); *Cooper*, 2007 WL at *3-4; *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997) ("[T]he statute of limitations began to run on the filing of the complaint ..."). Thus, as held by Judge Antoon, II, Plaintiff's claim is barred by the one-year statute of limitations.

Defendants' Motion for Sanctions seeks an award of fees and costs pursuant to Section 1692k(a)(3), which is permitted if Plaintiff's action was brought in bad faith and for the purpose of harassment. The standard for bad faith is higher than the standard for mere frivolousness. In assessing whether Plaintiff's conduct in pursuing this action is tantamount to bad faith, this Court focuses primarily on Plaintiff's conduct and motives, and not on the validity of this case. This Court exercises its inherent powers with restraint and discretion. Reviewing the present record, the Court cannot say that Plaintiff has acted in bad faith, wantonly, or for oppressive reasons. It has not been shown that Plaintiff brought this action for the purpose of harassing Defendants, or to delay or disrupt the litigation. Although Plaintiff may have brought this case without good cause, the Court cannot find that she did so maliciously or in subjective bad faith.

In regarding to Section 1927, Defendant has not established that it is entitled to sanctions against Plaintiff for vexatiously multiplying the litigation. Defendant has not shown that Plaintiff willfully abused the judicial process, or that she knowingly or recklessly filed a frivolous claim.

Defendants also request the Court to issue an order to show cause against Plaintiff to consider awarding sanctions on its own initiative pursuant to Rule 11(c)(3). As noted in the Advisory Committee Notes to Rule 11's 1993 Amendments:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of

>another party's motions unless, after receiving the motion, it refuses to withdraw
>that position or to acknowledge candidly that it does not currently have evidence
>to support a specified allegation.

Fed. R. Civ. P. 11 advisory committee's notes. This Court ordinarily relies on the Federal Rules of Civil Procedure — such as Rule 11 — to sanction bad faith conduct in the course of litigation. After reviewing the case law and arguments set forth in the Defendants' motions to dismiss, the Plaintiff should have re-evaluated at that point whether she brought a colorable claim. However, Defendants did not serve and file a Rule 11 motion against Plaintiff as set forth in the Federal Rules. Thus, Plaintiff was not provided notice of the Defendants' intent to seek sanctions and an opportunity to withdraw her position. Instead, Defendants are requesting the Court to consider and possibly enter sanctions against Plaintiff on its own initiative. As mentioned above, the Plaintiff's actions do not rise to a level of bad faith. Thus, the present circumstances do not warrant the Court's intervention and use of its inherent power.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. Defendants' Motion for Attorney's Fees pursuant to Sections 1692k(a)(3) and 1927 (Doc. No. 57) be **DENIED;** and

2. Defendants' Motion for Attorney's Fees pursuant to Rule 11 (Doc. No. 58) be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record